IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

NEGUS KWAME FAHIM ASIEL-DEY, \*
aka, Ronnie-Theodis Demmons \*

Plaintiff, \* CV 117-020

v. \*

AUGUSTA MORTGAGE COMPANY; \*
WELLS FARGO BANK, N.A.; and \*
UNRUH INVESTMENTS, LLC, \*

Defendants. \*

**O R D E R**

Presently before the Court is Plaintiff's motion for a temporary restraining order, or, in the alternative, a preliminary injunction. (Doc. 6.) Plaintiff claims to challenge a foreclosure on the grounds that Defendants violated several federal laws related to debt-collection practices. Based upon Plaintiff's evidence, however, it appears that Plaintiff is actually requesting this Court to enjoin the execution of a dispossessory action successfully brought in state court. After carefully reviewing Plaintiff's request, the Court **DENIES** Plaintiff's motion.

**I. Background**

On March 9, 2005, Plaintiff signed a promissory note to Augusta Mortgage Company and offered as collateral a security

deed in his property at 2907 Arrowwood Circle, Hephzibah, Georgia 30815. On January 5, 2016, Plaintiff received notice that his house would be auctioned at a foreclosure sale at the Richmond County Courthouse on February 2, 2016. On January 30, Plaintiff mailed a "Notice of Dispute" to Phelan Hallinan Diamond & Jones, the company responsible for handling the foreclosure proceedings on behalf of Wells Fargo, N.A., the owner of Plaintiff's mortgage. Then, on February 2, 2016, Unruh Investments, LLC purchased Plaintiff's property at the Richmond County Courthouse during legal hours.

The foreclosure of Plaintiff's property, however, was not the end of the story. Plaintiff's documents indicate that he retained possession of the property as a tenant after foreclosure. The Court makes this inference based upon the fact that Unruh Investments, LLC filed a Dispossessory Affidavit with the Magistrate Court of Richmond County, Georgia for eviction from the same property on September 1, 2016. Plaintiff includes no further documentation detailing the proceedings of the dispossessory actions in state court.

Plaintiff filed suit in this Court on February 7, 2017, requesting various injunctive and statutory relief, including restraining each Defendant "from commencing any action against the Consumer for recovery of the property." On February 9, 2017, at 9:02 a.m. Plaintiff filed a motion for an emergency

temporary restraining order on the basis that he was to be evicted from his property at 9 a.m. that very morning.

## II. Discussion

Under Rule 65(b), a court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65. Granting a temporary restraining order or preliminary injunction is only proper if the moving party establishes the following four elements:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schmitt v. Reimer, No. 1:10-cv-102, 2010 WL 3585187, at *1 (S.D. Ga. Sept. 14, 2010) (quoting Schiavo v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005)).

"Both temporary restraining orders and preliminary injunctions are extraordinary remedies that are 'not to be granted unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites.'" Id. (quoting Redford v. Gwinnett Jud. Cir., 350 F. App'x. 341, 345 (11th Cir. 2009)); see also United States v. Jefferson Cty., 720 F.2d 1511,

3

1519 (11th Cir. 1983) ("The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites."). The grant or denial of a preliminary injunction is a matter within the discretion of the district court. Jefferson Cty., 720 F.2d at 1519.

Plaintiff's request for a temporary restraining order and his request for an injunction fail for two reasons. First, Plaintiff has failed to convince this Court that it has jurisdiction to enjoin Defendants' actions. Second, Plaintiff has not established a sufficient likelihood of success on the merits.

A. Jurisdiction

The Court first addresses its lack of jurisdiction over the current claim. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Plaintiff and Defendant are not diverse, thus the Court must rely upon federal-question jurisdiction to hear the present case. Plaintiff cites as his federal question hook two sections of the United States Code: 15 U.S.C. §§ 1635 and 1692. Plaintiff's problem, however, is that these claims are inapplicable to the action Plaintiff requests this Court to enjoin.

Plaintiff attempts to claim that he is challenging the foreclosure of his house, but the documentation he provided shows that his house has already been foreclosed upon and he is

4

now challenging a state court dispossessory action. But neither § 1635 nor § 1692 have any relation to a state dispossessory action. Section 1635 provides that Plaintiff has the "right to rescind the [mortgage] until midnight of the third business day following the consummation of the [mortgage]." Plaintiff, however, signed his mortgage almost twelve years ago. His opportunity to rescind the mortgage vanished 4,352 days ago. Section 1692 is likewise inapplicable. It is a part of the Fair Debt Collection Practices Act and regulates debt-collection efforts by creditors. It has no bearing on halting a valid state dispossessory action.

Plaintiff's injunction seeks to use federal court to interfere with the valid application of state law. Absent any subject matter jurisdiction, however, this court not only will not but cannot interfere. <u>Univ. of S. Ala.</u>, 168 F.3d at 410. Plaintiff articulates no legitimate basis for jurisdiction, and this Court can find none independently. Thus, the Court denies Plaintiff's request for a temporary restraining order and preliminary injunction on the grounds that it lacks the power to perform such a request.

B. <u>Merits</u>

In the alternative, the Court also rejects Plaintiff's motion on the grounds that he will not be sufficiently likely to succeed on the merits as required by Rule 65. Plaintiff's § 1635 claim clearly fails on the merits for reasons discussed

5

above. And Plaintiff's § 1692 claim will likely fail, first and foremost, because it does nothing to prevent a state dispossessory action. Second, it fails because Plaintiff has not provided sufficient proof that Defendant violated its terms.

The Court also notes that Wells Fargo foreclosed on Plaintiff over one year ago. Had Plaintiff wished to challenge these violations, he should not have waited until now. If Plaintiff had timely filed a federal claim, Defendants would have had notice and ample time to brief the issue. The Court would also have had time to sufficiently consider the merits of both arguments. Thus, Plaintiff has also failed to "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" as required by Rule 65(b)(1)(A).

### III. Conclusion

Because Plaintiff has failed to prove this Court has jurisdiction to issue the requested injunction, and because Plaintiff has failed to show a sufficient likelihood of success on the merits, the Court **DENIES** Plaintiff's motion for injunctive relief. (Doc. 6.)

**ORDER ENTERED** at Augusta, Georgia, this 10th day of February, 2017.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

6